Filed 2/4/21  P. v. Sundar CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C090930 |
| Plaintiff and Respondent, | (Super. Ct. No. CR186605) |
| v. | |
| RAJESH KUMAR SUNDAR III, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Rajesh Kumar Sundar III, has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record has disclosed certain errors associated with defendant's probation order, including the fines and fees imposed, that we direct the trial court to correct; we otherwise affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On September 17, 2018, defendant was charged with driving under the influence of alcohol (DUI) causing injury; driving with a blood-alcohol content of .08 percent or more causing injury; driving with a suspended or revoked license; and operating a vehicle without an ignition interlock device.  As to the DUI counts, it was alleged defendant had

1

a blood-alcohol content of .15 percent or more, proximately caused injury to more than one victim, and had a prior conviction in May 2017 for DUI. It was also alleged that defendant had a prior conviction in 2015 for driving with a suspended license.

On September 23, 2019, defendant pled no contest to the misdemeanor counts of driving with a suspended or revoked license and driving without an ignition interlock device and admitted the enhancement to the driving on a suspended or revoked license.

The remaining counts and enhancements, with the exception of defendant's DUI prior conviction, were tried to a jury. The People presented the expert testimony of California Highway Patrol Officer Christophre Neilson that the car defendant was driving collided with the back of the victims' van and that both vehicles were moving at the time of impact. It was his opinion the reported speeds of 80 miles per hour for defendant's car and 55 to 60 miles per hour for the victims' van were reasonable estimates of the speed at impact. Officer Neilson interviewed defendant at the hospital where he was being treated for a broken leg. Defendant said he was driving 80 miles per hour and had hit the victims' van, which was stopped on the freeway with its lights off.

Defendant stated he had been returning home from a friend's where he admitted drinking three beers over a period of eight hours. Defendant smelled of alcohol, had red eyes, and slurred speech, so Officer Neilson administered a field-sobriety test that could be conducted, taking into consideration defendant's injuries. The results suggested defendant was under the influence of alcohol. Officer Neilson also administered two preliminary alcohol screening tests, which showed blood-alcohol levels of .26 and .25 percent. Neilson arrested defendant and obtained a blood sample, which showed a blood-alcohol level between .224 and .246 percent. Criminalist Joseph John Palecek testified as an expert that someone with defendant's blood-alcohol content would not be able to safely drive.

California Highway Patrol Officer Mike Simpson spoke with the victims, who were on the side of the road embracing one another; one was shaking. Simpson took

2

pictures of the victims' injuries. M. L. lifted his shirt to show Officer Simpson his right side by his hip, which was hurting and was pink and swollen. F. P. had a cut with fresh blood on her leg that was hurting.

Prior to reaching its verdicts, the jury asked whether it could consider defendant's injury in determining the multiple-victim enhancement and whether injuries sustained while helping defendant or retrieving items from the van would be considered an injury resulting from the accident. The court answered that defendant's injuries should not be considered and referred the jury to the instructions on causation. Thereafter, the jury found defendant guilty on all counts and found the enhancements true. Thereafter, the court determined defendant had a prior DUI conviction as alleged.

Defendant was sentenced on November 15, 2019, to three years of formal probation and 120 days in county jail with custody credit for nine days. The court imposed a $300 restitution fine, a $300 suspended probation revocation restitution fine, a $30 processing fee, a DUI fine of $700, $2,100 in penalty assessments on the DUI fine, an unspecified $35 processing fee on that fine, an unspecified $50 alcohol education fee, a $50 laboratory analysis fee, a $50 alcoholism program fee, a $50 alcohol abuse education and prevention fund fee, a $10 recordkeeping fee, and a $4 medical air transport fund fee. Defendant timely appealed this judgment.

On January 17, 2020, the parties agreed to and the trial court ordered that defendant pay victim restitution of $870.31 to F. P. and $284.20 to M. L. Defendant timely appealed this postjudgment order, and the matter was consolidated with his first appeal.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of the

3

right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we note that the probation order omits defendant's convictions for driving with a suspended or revoked license and operating a vehicle without an ignition interlock device . It also omits the true finding on enhancements for having a prior DUI conviction in May 2017, as well as the prior conviction enhancement associated with driving with a suspended or revoked license.

Further, we have identified several instances where the probation order either failed to note the statutory basis for amounts imposed, identified a statutory basis that did not support the fee imposed, and/or included amounts within the terms of probation that should have been separately imposed. For example, the court imposed an unspecified $50 alcohol education fee. We cannot discern from the record the court's statutory basis for this fee.

The court also imposed a separate $50 alcoholism program fee under Penal Code section 1463.16. This code provision specifies that the first $50 collected from any fine imposed because of a violation of Vehicle Code section 23153 shall go to the county treasurer. (Pen. Code, § 1463.16.) It is not an independent basis for a fee and should not have been separately assessed. Nor is the $50 alcohol abuse education and prevention fund fee authorized by Penal Code section 1463.25. To the extent the court wished to impose "an alcohol abuse education and prevention penalty assessment" pursuant to Vehicle Code section 23645, subdivision (a), the court must amend its probation order on remand.

Finally, the trial court failed to articulate the statutory basis for the $35 processing fee imposed on the $700 DUI fine. Assuming the court intended to impose a processing fee under Penal Code section 1205, subdivision (e), such fee would be limited to $30 unless defendant was ordered to pay in installments. It would also need to be separated

4

from the conditions of probation.  (*People v. Soto* (2016) 245 Cal.App.4th 1219, 1231-1233, 1237.)

## DISPOSITION

The matter is remanded so that the court may correct the probation order consistent with this opinion.  The court shall correct other associated orders and documents so that they correctly reflect defendant's convictions, fines, and fees.  The judgment is otherwise affirmed.

/s/_____
Robie, J.

We concur:

/s/_____
Raye, P. J.

/s/_____
Murray, J.